Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MARISCOS EL PUERTO, INC., LA CATRINA, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT—TITLE VII** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex, and to provide appropriate relief to the Charging Parties and other aggrieved individuals who were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Mariscos El Puerto, Inc. and La Catrina, LLC (collectively, "Defendants") violated Title VII by subjecting the Charging Parties and similarly aggrieved individuals to sex discrimination, including failing to promote and harassment based on their sexual orientation, resulting in a hostile work environment, and by constructively discharging them.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3.    Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant Mariscos El Puerto, Inc. ("Mariscos") was and is a Nevada corporation continuously doing business in the State of

Nevada, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Mariscos has continuously been an employer engaging in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

6.     Defendant Mariscos owns and operates a restaurant that is located in Las Vegas, Nevada.

7.     At all relevant times, Defendant La Catrina, LLC ("La Catrina") was and is a limited liability corporation continuously doing business in the State of Nevada, and has continuously had at least 15 employees.

8.     At all relevant times, Defendant La Catrina has continuously been an employer engaging in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

9.     Defendant La Catrina owns and operates a bar that is located in Las Vegas, Nevada.

10.     Since at least 2019, Mariscos and La Catrina have been collectively operating as a single employer and/or integrated enterprise in Nevada. Defendants have common management and ownership, centralized control of labor operations, and interrelation of operations.

11.     The business relationship between Mariscos and La Catrina is highly interrelated. Both Mariscos and La Catrina are owned and managed by the same individuals.

12.     Employees work interchangeably for both Mariscos and La Catrina.

13.     Mariscos and La Catrina also share equipment and the same human resource/administrative assistant.

14.     Mariscos and La Catrina are located at the same physical location, right next door to one another.

15.     Mariscos' handbook applies to both Mariscos and La Catrina.

16.     All of the acts and failures to act alleged herein were duly performed

by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

17.    Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF THE CLAIMS

18.    More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

19.    Defendants received copies of each charge filed by the Charging Parties and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

20.    On or about July 7, 2022, the Commission issued to Defendant Mariscos Letters of Determination finding reasonable cause to believe that Defendant Mariscos violated Title VII. The Commission further invited Defendant

Mariscos to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

21.    On or about March 8, 2023, the Commission issued to Defendant La Catrina Letters of Determination finding reasonable cause to believe that Defendant La Catrina violated Title VII. The Commission further invited Defendant La Catrina to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

22.    The Commission engaged in conciliation communications with Defendants. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

23.    On or about April 24, 2023, the Commission issued to Defendants Notices of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

24.    All conditions precedent to the institution of this lawsuit have been fulfilled.

25.    Charging Party 1, a gay male employee, worked for Defendants from approximately 2016 to 2019. He worked for Defendants until November 2019, when he was forced to resign from employment.

26.    Charging Party 2, a lesbian female employee, began working for Defendants in 2016.

27.    Since at least 2016, Defendants have engaged in unlawful employment practices, including a pattern or practice of such unlawful employment practices, in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting the Charging Parties and a class of similarly aggrieved individuals to sex discrimination, including, but not

limited to, failing to promote them because they are gay and lesbian or based on their sexual orientation, subjecting them to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of their sexual orientation and/or subjecting them to sexual orientation-based harassment by Owners/Managers/Supervisors culminating in tangible employment actions, including, but not limited to, failure to promote or constructive discharge. Defendants' Owners/Managers/Supervisors, including, but not limited to, Hector Moreno, Danny Hernandez, Julian Hernandez, and Manuela Hernandez, acted as Defendants' alter ego or proxies when they discriminated and/or harassed the Charging Parties and a class of similarly aggrieved individuals. For example:

    a. During his employment with Defendants, Charging Party 1 was explicitly denied a promotion from Busser to Server because he is gay, with the Owner/Manager/Supervisor in charge of hiring stating he was "too gay" to be a Server and that it would be "embarrassing" to have him working as a Server because he was gay.

    b. During his employment with Defendants, Charging Party 1 was harassed based on his sexual orientation by Defendant's Owners/Managers/Supervisors by denying him a promotion from Busser to Server, and by constructively discharging him.

    c. During their employment, the Charging Parties and a class of similarly aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct because of their sexual orientation by Defendant's Owners/Managers/Supervisors and co-workers. Such conduct included but was not limited to, derogatory comments such as

"faggot," "dumb lesbian bitch," "fags are not our business," and making offensive gay jokes.

    d.  Defendants' Owners/Managers/Supervisors physically assaulted Charging Party 2 by pulling her hair, tossing her in the street, and insulting her because she is a lesbian.

    e.  Defendants' Owners/Managers/Supervisors also reduced employees' work hours, removed workers from the schedule, threatened violence (including murder), termination and blacklisting, reassigned shifts, withheld paychecks, refused time off requests, and increased verbal abuse, insults, and humiliation when the Charging Parties and similarly aggrieved individuals told them to stop their inappropriate behavior.

28.    Defendants failed to take any corrective action or preventative measures to stop the harassment.

29.    Defendants knew or should have known of the hostile work environment. The charged and inappropriate actions and comments by the Owners/Managers/Supervisors were ubiquitous, open, frequent, and consistent in nature.

30.    Charging Parties and other similarly aggrieved employees complained verbally to supervisors and management about the harassment and hostile work environment they endured.

31.    Despite having actual and constructive notice of the harassment herein, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

32.    Defendants did not properly handle the complaints made by the Charging Parties and similarly aggrieved employees. Defendants failed to monitor the workplace, failed to properly investigate and to respond to complaints,

discouraged additional complaints from being made, and failed to implement necessary remedial measures to end the harassment.

33.    As a result of Defendants' failures to take prompt and effective remedial measures, the sexual harassment continued unabated. The harassment was unwelcome, and sufficiently severe or pervasive to alter the terms and conditions of the Charging Parties and others' employment and created a hostile work environment.

34.    Due to this ongoing harassment and intimidation, the discrimination, the hostile work environment, and the failures by Defendants to take remedial measures, Charging Party 1 was constructively discharged.

35.    The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

36.    The unlawful employment practices complained of above were intentional.

37.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and similarly aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B.    Order Defendants to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C.      Order Defendants to make the Charging Parties and the Claimants whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

D.      Order Defendants to pay the Charging Parties and the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated:  August 24, 2023                    Respectfully Submitted

                                           GWENDOLYN YOUNG REAMS,
                                           Acting General Counsel

                                           CHRISTOPHER LAGE,
                                           Deputy General Counsel

                                           U.S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
                                           131 "M" Street, N.E.
                                           Washington, D.C. 20507

                              By:  _____
                                           ANNA Y. PARK,
                                           Regional Attorney
                                           Los Angeles District Office