UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>MARISCOS EL PUERTO, INC., et al.,<br><br>Defendant(s). | Case No. 2:23-cv-01310-JCM-NJK<br><br>**Order**<br><br>[Docket No. 36] |

Pending before the Court is Plaintiff's motion to extend discovery deadlines by 90 days. Docket No. 36. Defendants previously stipulated to similar relief, Docket No. 34, and the Court does not require a response or a hearing, *see* Local Rule 78-1.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). It is well-settled that the existence of settlement talks or alternative dispute resolution is generally insufficient to establish good cause for later extension of the case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022).

The instant request is predicated on the fact that Plaintiff requires supplemental discovery responses from Defendants. Docket No. 36 at 2-6. The obvious problem with that reasoning is that Plaintiff appears to have delayed seeking that supplementation based on the existence of settlement talks and alternative dispute resolution efforts. *See id.*[1] Moreover and significantly, meaningful explanation has not been provided as to why the circumstances described necessitate

---

[1] The meet-and-confer took place two months after receipt of the discovery responses, which is not indicative of diligence. *Cf. Chishty v. Tex. Dept. of Aging & Disability Servs.*, 562 F. Supp. 2d 790, 797 (E.D. Tex. 2006).

1

the lengthy 90-day extension being sought. At the same time, the parties appear to be in agreement that the defense needs to supplement their discovery responses and that such discovery is required before initial expert disclosures. Given the circumstances presented, the Court will permit a 45-day extension to the case management deadlines.

Accordingly, the motion to extend is **GRANTED** in part and **DENIED** in part. Case management deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: August 26, 2024
- Rebuttal experts: September 24, 2024
- Discovery cutoff: October 24, 2024
- Dispositive motions: November 25, 2024
- Joint proposed pretrial order: December 23, 2024

IT IS SO ORDERED.

Dated: July 8, 2024

_____
Nancy J. Koppe
United States Magistrate Judge