UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSON,<br><br>Plaintiff(s),<br><br>v.<br><br>MARICSOS EL PUERTO, INC., et al.,<br><br>Defendant(s). | Case No.2:23-CV-1310 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff U.S. Equal Employment Opportunity Commission's (EEOC) motion for partial summary judgment (MPSJ). (ECF No. 56). Defendants Mariscos El Puerto, Inc. et al., and La Catrina, LLC, filed a response (ECF No. 57), to which EEOC replied (ECF No. 59).

Also before the court is defendants' motion for leave to deem their response timely pursuant to Local Rule IC 3-1(c). (ECF No. 58).

As an initial matter, and with good cause appearing, this Court GRANTS the defendants' request for leave. (ECF No. 58.) Defendants' response to EEOC's partial motion for summary judgment is considered timely filed.

I.    BACKGROUND

The EEOC filed suit in the instant case under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to address unlawful employment practices on the basis of sex. The parties are familiar with the facts of this case, and the court does not recite them herein.

(*See* ECF No. 41).

EEOC moves for partial summary judgment on ten issues, asking this court to: (1) hold defendants strictly liable for any discrimination and harassment perpetrated by Manuela Hernandez, Julian Hernandez, Hector Moreno, and Danny Hernandez; (2) prohibit defendants from asserting the *Faragher/Ellerth* defense; and (3) rule against defendants' first, fourth, fifth, sixth, ninth, tenth, eleventh, thirteenth, fifteenth, and eighteenth affirmative defenses. (ECF No. 56 at ii-iii).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests.,*

*Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Whether defendants qualify for the *Faragher/Ellerth* defense.

EEOC asks the court to hold defendants strictly liable for any discrimination or harassment perpetuated by Manuela Hernandez, Julian Hernandez, Hector Moreno, and Danny Hernandez. It claims that defendants are not eligible for the *Faragher/Ellerth* defense because these individuals are proxies of the defendants, rather than supervisors.

An employer is subject to liability for torts committed by employes while acting within the scope of their employment. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 756 (1998) (quoting Restatement (Second) of Agency § 219(1)).

Although an employer is not typically liable for *intentional* torts committed by an employee, there are several exceptions to this rule. Once such exception is that an employer is vicariously liable for a hostile work environment created by a supervisor. *Vance v. Ball State University*, 570 U.S. 421, 428 (2013); *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998). "An employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim[.]" *Vance*, 570 U.S. at 424.

Sexual harassment by a supervisor is generally not considered conduct within the scope of employment. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 757 (1998). However, the Supreme Court in *Ellerth* and *Faragher* provided an exception to this rule in two situations. An employer is vicariously liable for a supervisor's harassment "when a supervisor takes a tangible employment

action." *Vance*, U.S. 421 at 429.  Even when the supervisor's harassment "does not culminate in a tangible employment action, the employer can be vicariously liable for the supervisor's creation of a hostile work environment if the employer is unable to establish an affirmative defense." *Id.*

An employer can mitigate or avoid liability in the second situation by showing "(1) that it exercised reasonable care to prevent and promptly correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided." *Id.* at 428.

However, the *Faragher/Ellerth* defense is not available "when the corporate officers who engage in illegal conduct" can be "considered proxies for the company." *Passatino v. Johnson & Johnson Consumer Prods. Inc.*, 212 F.3d 493, 517 (9th Cir. 2000).

EEOC alleges that Julian Hernandez, Hector Moreno, and Danny Hernandez "took advantage of their female workforce by subjective them to sexual harassment." (ECF. No 56 at 1).

EEOC characterizes Julian's involvement in the business as that of a high ranking official, (ECF No. 56 at 6), while defendants describe him as a handyman who "swing[s] by from time to time." (ECF No. 56–Ex. 24 at 247:1-2, 10) ("He's able to do anything, really, at the end of the day.").  Julian describes his job title as "replac[ing his] kids when they're not available." (ECF No. 56–Ex. 24 at 28:2-5).  Although Julian can *technically* make executive decisions (e.g., hiring, assigning and disciplining employees), he "tries not to get himself involved with that." (ECF No. 59 at 9); (ECF No. 56Ex. 24 at 28:13-25; 29:1-14; 248:2-5).

Construing the facts in the light most favorable to the nonmoving party, the court finds that there is a there is a genuine issue of material fact as to Julian's position within the company and therefore declines to find that Julian is a proxy for defendants.

It is uncontested that Hector Moreno and Danny Hernandez jointly run the businesses as operations managers.[1]  (ECF No. 56Ex. 24 at 55:13-16; 241:12-14-15; 244:5-6).

Hector and Danny have expansive authority with respect to employees of the defendants. Hector's and Danny's duties include hiring, terminating, and disciplining employees.  (ECF. No. 56 at 12; Ex. 24 at 10).  The brothers conduct performance reviews, approve time off, and determine salary and pay increases.  (ECF No. 56 at 12-13).  Hector and Danny are in charge of scheduling, approving time off, promoting workers, conducting performance evaluations.  (ECF No. 56 at 12-13).  They determine job assignments and shift scheduling.  (ECF No. 56 at 12-13). The brothers are involved in setting the policies and procedures of the business.  (ECF No. 56 at 12-13).

Due to the brothers' roles as operations managers, which is a high-level role in the defendants' businesses, Danny and Hector are proxies for defendants.  Accordingly, Hector Moreno and Danny Hernandez are not afforded the *Faragher/Ellerth* defense.  If the jury finds that Hector Moreno perpetrated the discrimination and harassment alleged in the complaint, the defendants can be found strictly liable for it.  The same applies as to Danny Hernandez.[2]

As to Manuela Hernandez, the parties do not dispute that she is the legal owner of defendants' two businesses.  (ECF No. 56 at 11; Ex. 24 at 87:12-20) (ECF No. 57 at 3-4).

The proxy rule requires that the individual "engage in illegal conduct." *Passatino*, 212

---

[1] The defendants at one point claimed that Danny does not have a titled role, however Danny called himself an operations manager and the defendants also designated Danny as their corporate representative.  (ECF No. 56 at 13); (ECF No. 57 at 8).

[2] The court makes no judgment as to the existence of harassment or discrimination.  The only determination is as to the nature of the relationship between the defendants and the specifically alleged perpetrators (Hector Moreno, Danny Hernandez, and Julian Hernandez).

- 6 -

F.3d at 517.   EEOC must do more than generally allege that Manuela is liable for the discriminatory conduct of the business.  But EEOC does not specify what harassment or discriminatory actions Manuela Hernandez took or perpetrated.  (ECF No. 56 at 1).  Rather, EEOC alleges the rest of her family "took advantage of their female workforce by subjecting them to sexual harassment," conspicuously leaving Manuela's name off the list.  (ECF No. 56 at 1).

For the same reason, the exception to the general rule that employers are not liable for supervisors' discriminatory actions is inapplicable.  *See Vance*, U.S. 421 at 429.  The analysis for defendants' liability would proceed as to Manuela's tangible employment actions or creation of a hostile work environment.  *See id*.  EEOC neither asserts facts demonstrating that Manuela took any tangible employment actions, nor that Manuela's role as "legal owner" created hostile work environment.  (ECF No. 56 at 1); *see also* (ECF No. 57 at 8) (defendants explaining that Manuela "does not regularly involve herself in day-to-day operations").

Accordingly, the court denies plaintiff's request of summary judgment as to holding defendants strictly liable for any discrimination or harassment perpetrated by Manuela Hernandez.  (ECF No. 56 at ii).

**B.      Whether defendants will succeed under the Faragher/Ellerth defense.**

Julian Hernandez is the only individual to whom the *Faragher/Ellerth* defense is relevant.  Under the facts discussed in the prior section, Julian qualifies as a supervisor for purposes of the *Faragher/Ellerth* analysis.  *See Vance*, 570 U.S. at 424.

The court declines to grant summary judgment in favor of EEOC because there are several more factual steps that EEOC must perform.  (ECF No. 56 at ii).  The issue of reasonable care—step one of the defense—generally falls within the purview of the jury.  As to the second step, a jury could find that the defendants did not unreasonably fail to take advantage of corrective

opportunities. For example, if it finds that Julian is responsible for a small portion of the creation of the adverse work environment, it may be that the measures defendants took were sufficient. (*See* ECF No. 57 at 10).

### C. Waiver of the *Faragher/Ellerth* defense.

Defendants did not include the *Faragher/Ellerth* defense in their answer to the complaint. Generally, FRCP 8(c) requires that a party include any affirmative defenses in its response to the complaint. However, the Ninth Circuit in *Healy Tibbitts Construction Co. v. Insurance Co. of North America* liberalized this pleading requirement. 679 F.2d 803, 804 (9th Cir. 1982). Absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment. *E.g.*, *id.*; *CollegeSource, Inc. v. AcademyOne, Inc.* 709 Fed. Appx. 440, 442 (9th Cir. 2017) (citing *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997)); *see also Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984).

Defendants discuss the *Faragher/Ellerth* defense for the first time in their response to EEOC's motion for summary judgment. (ECF. No. 57 at 9). Though it is a response to a motion for summary judgment, and not a motion itself, the court finds that it comports with the liberalization of the pleading requirement as intended by the Ninth Circuit.

The defendants' failure to include the *Faragher/Ellerth* defense in its response to EEOC's complaint did not prejudice EEOC. The *Faragher/Ellerth* defense is a well-recognized defense, with which the attorneys at the EEOC should be intimately familiar. *See generally*, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM'N, ENFORCEMENT GUIDANCE ON HARASSMENT IN THE WORKPLACE, EEOC-CVG-2024-1 (2024) (discussing the *Faragher/Ellerth* defense). EEOC also characterizes the defense as "commonplace." (ECF No. 59 at 4).

. . .

Furthermore, the EEOC preemptively asks this court to bar the defendants from raising the defense, indicating that the EEOC has considered the merits of the offense in the context of this case.  (ECF No. 56 at 14 n. 2).

For the reasons stated above, this court finds that raising the defense at this time will not prejudice the EEOC.

Accordingly, defendants did not waive the defense.

Although the court allows defendants to raise the *Faragher/Ellerth* defense for the first time in their response, it cautions defendants and counsel against such a strategy in other cases. The court considers as waived any further affirmative defenses not contained in the pleadings or in defendants' response to plaintiff's PMSJ.[3]

**D.    Failure to state a claim (first affirmative defense).**

The defendants' first affirmative defense is failure to state a claim upon which relief can be granted.  This is one of the grounds for a motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  Summary judgment is not proper because this court this court addressed the validity of the first affirmative defense in its order ***denying*** defendants' motion to dismiss.  (ECF No. 41).

The court directs the parties to the order denying defendants' motion to dismiss to resolve any clarity on this matter.

**E.    Other affirmative defenses.**

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal.  A court cannot, however, grant a summary judgment motion merely because it is

---

[3] This addresses defendants' eighteenth affirmative defense.

unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition).

Even without an opposition, the court must apply standards consistent with Rule 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).

Plaintiff rebuts defendants' claims that its claims are barred:

- by the equitable doctrine of estoppel, waiver, and/or laches (fourth affirmative defense);
- by the doctrine of laches (fifth affirmative defense);
- by the doctrine of unclean hands (sixth affirmative defense);
- by the due process claims of the fourteenth amendment of the U.S. constitution, Nevada constitution, and applicable state and federal law (ninth affirmative defense);
- by the fact that plaintiff and the charging parties suffered no cognizable injury or damages (eleventh affirmative defense).
- by to the extent that applicable administrative remedies on any claim were not exhausted (fifteenth affirmative defense).

Plaintiff also rebuts defendant's tenth affirmative defense that applicable provisions of the United States Constitution, Nevada Constitution, and federal and state laws limit recovery of punitive damages by the plaintiff.

Defendant failed to provide legal or factual support for its defenses in its response to the complaint or in its response to the partial motion for summary judgment. It did not respond to—or sufficiently address—plaintiff's arguments rebutting these affirmative defenses.

EEOC's motion and reply demonstrate that there is no genuine issue of material fact, and that judgment is appropriate as a matter of law. For each defense, plaintiff provides legal authority explaining why the affirmative defense fails or does not apply. (*See* ECF No. 56 at 19-24). Where appropriate, it supports its argument with facts. (*See* ECF No. 56 at 18).

The court finds that the moving party's motion demonstrates that there is no genuine issue of material fact as to defendants' fourth, fifth, sixth, ninth, tenth, eleventh, thirteenth, and fifteenth affirmative defenses. Judgment in favor of EEOC is therefore appropriate as a matter of law.

**F. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Mariscos El Puertos, Inc. and La Catrina, LLC's motion for leave of this court to consider their response in opposition to plaintiff EEOC's PMSJ timely filed (ECF No. 57) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that EEOC's partial motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED as to defendants' eighteenth affirmative defense, but not including the *Faragher/Ellerth* defense.

IT IS FURTHER ORDERED that EEOC's partial motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED as to the request that defendants be held strictly liable for harassment and discrimination, *if the jury finds any*, perpetuated by Hector Moreno or Danny Hernandez.

1       IT IS FURTHER ORDERED that EEOC's partial motion for summary judgment (ECF No. 56) be, and the same hereby is, DENIED as to the request that defendants be held strictly liable for any harassment and discrimination perpetuated by Julian Hernandez or Manuela Hernandez.

        IT IS FURTHER ORDERED that EEOC's partial motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED as to defendants' fourth, fifth, sixth, ninth, tenth, eleventh, thirteenth, and fifteenth affirmative defenses.

        DATED August 27, 2025.

                                        _____
                                        UNITED STATES DISTRICT JUDGE