# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. Equal Employment Opportunity Commission,

      Plaintiff(s),

v.

Mariscos El Puerto, Inc., et al.,

      Defendant(s).

Case No. 2:23-cv-01310-ART-NJK

**Order**

[Docket No. 94]

Pending before the Court is the EEOC's motion to compel discovery.  Docket No. 94.

After extensions, the discovery cutoff closed 14 months ago on December 5, 2024.  Docket No. 44 at 5.  In accordance with the scheduling order's deadline for dispositive motions, the EEOC filed a motion for partial summary judgment 13 months ago on January 6, 2025.  Docket No. 56.  That motion was decided more than five months ago, Docket No. 63, a settlement conference is set, Docket No. 93, and trial is set, Docket No. 85.  Nearly a month ago, the Court denied the EEOC's motion to reopen discovery predicated, in part, on its desire to obtain supplemental discovery on financial documents.  Docket No. 81.  The Court explained therein as follows:

> Well-settled case law from this District makes clear that discovery need not necessarily be open in order to file a motion to compel; the outer time limit for filing a motion to compel is generally the dispositive motion deadline. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).  "Discovery motions filed after the deadline for dispositive motions are presumptively untimely and such late-filed motions are routinely denied." *Garcia*, 332 F.R.D. at 352 (collecting cases). [Footnote 6: Addressing the timeliness of such relief goes to the enforcement of the Court's own scheduling order, which is an issue it may address *sua sponte*. *See Garcia*, 332 F.R.D. at 354 n.2 (citing *Bonavito v. Nev. Prop. 1 LLC*, Case No. 2:13-cv-00417-JAD-CWH, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014)).]  Pointing to an opponent's alleged discovery shortcomings does not obviate the need to file a motion to compel without undue delay. *Wells*, 203 F.R.D. at 241.  Similarly, pointing to additional conferral or compliance efforts does not obviate the need to file a motion to compel without undue delay. *Garcia*, 332 F.R.D. at 354-55.  [Footnote 7: It appears that Defendants agreed to confer as to this information and provide additional documents they

1

found. *See* Docket No. 77 at 17-18. That an opponent has agreed to confer or search for additional documents after the applicable deadline does not render a later motion to compel timely. *See, e.g.*, *Garcia*, 332 F.R.D. at 355 n.5.]

Docket No. 81 at 8-9. In assessing the circumstances presented, the Court found that a motion to compel would be untimely. *See id.* at 9 ("If the EEOC was unsatisfied with the responses, it should have filed a motion to compel by the dispositive motion deadline of January 6, 2025. Seeking relief more than six months later is not timely" (citation omitted)).

The EEOC has now filed a motion to compel that raises at least two threshold problems. First, the EEOC acknowledges the order denying the motion to reopen discovery, but it does not acknowledge in any direct fashion that the Court has already specifically addressed that a motion to compel would be untimely at this juncture. *See* Docket No. 94.[1] The EEOC does not address the standards for seeking reconsideration, *see* Local Rule 59-1, or provide argument as to why those standards would not apply to the instant motion. Second, the EEOC does not address the case law from this District that has been previously cited by the Court as controlling whether its motion to compel is timely. *See* Docket No. 81 at 8-9. Instead, the motion to compel relies on case law that a duty to supplement exists even after the close of discovery, as well as an unpublished, out-of-district decision granting a motion to compel that was filed two months after the close of discovery. *See* Docket No. 94 at 10-12. The motion does not explain in meaningful fashion how the circumstances of this case would render this motion to compel timely pursuant to the well-established case law from this District.

Accordingly, the motion to compel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: February 5, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

[1] Although the EEOC objected to the order denying the motion to reopen discovery, it explicitly declined to seek review of the aspect of that order as it related to its desire to move to compel supplemental financial documents. Docket No. 88 at 4 n.1.

2