**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. Equal Employment Opportunity
Commission,

      Plaintiff(s),

v.

Mariscos El Puerto, Inc., et al.,

      Defendant(s).

Case No. 2:23-cv-01310-ART-NJK

**Order**

[Docket No. 99]

Pending before the Court is a motion to withdraw as counsel for Defendants filed by attorney Joshua Judd and the law firm of Sgro & Roger. Docket No. 99. Defendants did not file a response and the time for doing so has expired. The EEOC filed a response in opposition. Docket No. 100. Attorney Judd filed a reply. Docket No. 102. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to withdraw as counsel is **DENIED** without prejudice.

**I.    BACKGROUND**

The EEOC brought this action on behalf of employees alleging sex discrimination, including harassment resulting in a hostile work environment based on sexual orientation and constructive discharge. Docket No. 1. The case has been ongoing for more than two years. Discovery is closed, the deadline for filing dispositive motions has expired, and summary judgment motion practice has been resolved. *See* Docket Nos. 44, 56, 63. The case is teed up for a settlement conference and, if that proves unsuccessful, is set for trial. *See* Docket Nos. 85, 93.

Although Attorney Judd has been counsel for many months, he attests that he has "worked with Defendants to reach an agreement regarding proceeding with the respective parties' obligations under the Retainer Agreement. However, Defendants have informed undersigned counsel of the need for Sgro & Roger and Joshua D. Judd, Esq. to withdraw from this matter." Docket No. 99 at 2; *see also id.* at 3 ("Defendants have indicated they cannot proceed with the respective parties' obligations under the Retainer Agreement"). Attorney Judd also attests that

1

Defendants understand that, as corporations, they must retain counsel to continue participating in this case, but the motion does not identify substitute counsel or shed any light on the search for substitute counsel. *See id.* at 2. Attorney Judd identifies a contact person for Defendants, along with his last known address. *Id.* at 3.[1]

## II.   STANDARDS

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Whether to allow withdrawal of counsel is an issue entrusted to broad judicial discretion. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Courts may consider several factors to balance the equities implicated by a motion to withdraw, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see, also, e.g.*, *Deal v. Countrywide Home Loans*, Case No. C 09-01643 SBA, 2010 WL 3702459, at *3 (N.D. Cal. Sept. 15, 2010).

It is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Mekdeci by and through Mekdeci v. Merrell Nat. Labs.*, 711 F.2d 1510, 1521-22 (11th Cir. 1983) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Courts are cautious in allowing withdrawal in the lead up to trial and other important litigation events. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, Case No. 3:18-cv-02109-BEN-LL, 2021 WL 927359, at *3 (S.D. Cal. Mar. 11, 2021) (when a case is nearing trial, "concerns of prejudice, harm, and delay are heightened at this stage of the proceedings"); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, Case No. 2:21-cv-02129-GMN-NJK, 2025 WL 2021632, at *1 (D.

---

[1] "It is standard practice in this District to require the withdrawing counsel to provide the Court and the opposing party with the last known address of the client upon whom future pleadings, documents and orders will be served, and with whom the opposing party may communicate about the case." *1st Tech., LLC v. Rational Enterps. Ltda.*, Case No. 2:06-cv-01110-RLH-GWF, 2008 WL 4571258, at *2 (D. Nev. July 15, 2008).

Nev. July 18, 2025).  As established in the local rules, "[d]ischarge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case."  Local Rule IA 11-6(d).  Instead, a motion to withdraw that will delay the case must be supported by a showing of good cause.  Local Rule IA 11-6(e).  A finding of good cause for delay is particularly unlikely when the reason proffered for withdrawal is a defendant's failure to pay legal fees as "it would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees."  *Rophaiel v. Alken Murray Corp.*, Case No. 94 civ. 9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996); *see also, e.g.*, *Amazon Logistics, Inc. v. Mann Bros. Transp. Inc.*, Case No. 1:19-cv-01060-DAD-SAB, 2020 WL 2194005, at *2 (E.D. Cal. May 6, 2020) (finding non-payment of fees insufficient justification for withdrawal).  Caution is also warranted when the reason for withdrawal is articulated in vague and conclusory terms.  *See PlayUp*, 2025 WL 2021632, at *2 (collecting cases).

Special concerns arise when counsel is withdrawing as attorney for a corporate entity.  It is settled law that "[a] corporation may appear in federal court only through licensed counsel."  *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  When a corporate defendant does not have licensed counsel as is required, default judgment is warranted.  *Id*.  Although courts may allow attorney withdrawal subject to a requirement that the corporation retain counsel thereafter, courts also possess the discretion to deny a motion to withdraw as counsel for a corporation when substitute counsel has not been identified.  *See United States v. Pivaroff*, Case No. 2:13-cv-01498-JCM-PAL, 2016 U.S. Dist. Lexis 90156, at *4 (D. Nev. July 12, 2016) (affirming magistrate judge's denial of motion to withdraw as corporation's attorney given lack of substitute counsel); *see also, e.g.*, *CE Res., Inc. v. Magellan Grp., LLC*, Case No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2-3 (E.D. Cal. Oct. 14, 2009).  Courts may be particularly reluctant to allow withdraw without substitute counsel when the corporate client has already had significant time to retain new counsel.  *See PlayUp*, 2025 WL 2021632, at *2 (denying motion to withdraw as counsel when, *inter alia*, "[m]ore than 30 days have now passed and, yet, a request to substitute counsel has not been filed"); *see also, e.g.*, *Total Rebuild, Inc. v. PHC Fluid Power, LLC*, Case No. 6:15-cv-1855, 2019 WL 13191418, at *2 (W.D. La. Sept. 27, 2019) (finding that

"prosecution of this lawsuit will be substantially disrupted by allowing counsel to withdraw where no counsel has stepped forward to be substituted as counsel of record").

## III.   ANALYSIS

Having considered all of the pertinent circumstances, the Court is not persuaded by the present motion practice that withdrawal of counsel is warranted. As a starting point, the reason for seeking withdrawal is articulated in vague terms. Although not entirely clear, one might guess that the withdrawal may be sought based on the clients' non-payment of fees. *See* Docket No. 99 at 2, 3.[2] Allowing withdrawal may result in significant delay and impede the administration of justice. After years of litigation, the case is poised to advance to the final merits stage with a scheduled settlement conference and a set trial date. *See* Docket Nos. 85, 93. Advancing the case would be seriously complicated by the requirement that Defendants (as corporations) retain licensed counsel to participate in federal court proceedings. No substitute counsel has emerged in the weeks since the motion was filed and it is unclear whether any efforts are underway to find substitute counsel. It appears that the best-case scenario if withdrawal is allowed would be delaying proceedings as Defendants locate new counsel, who would then need to be prepared for the upcoming settlement conference and trial. Given the weeks that the client has apparently known of the need to locate substitute counsel and the lack of substitute counsel to date, however, any such further delay in that quest may prove significant and an appearance of substitute counsel may never happen. The corresponding worst-case scenario would be holding this case in limbo before eventually entering default judgment against Defendants for non-compliance with the

---

[2] Attorney Judd argues in reply that he is prohibited from revealing the circumstances giving rise to the motion to withdraw. *See* Docket No. 102 at 4. The cited rule allows a lawyer to reveal information related to client representation when necessary to comply with the law, *see* Nev. R. Prof. Cond. 1.6(b)(6), and the law requires an attorney to identify the reasons for seeking to withdraw. If privileged or sensitive information is involved, the withdrawing attorney may seek appropriate relief in conjunction with conveying that information to the Court. *See* Local Rule IA 10-5. When the reason for withdrawal is non-payment of fees, however, courts routinely find that such information is not privileged and does not otherwise warrant secrecy. *See, e.g.*, *PlayUp, Inc. v. Mintas*, Case No. 2:21-cv-02129-GMN-NJK, 2023 WL 4637156, at *3-5 (D. Nev. July 19, 2023).

requirement to have licensed counsel.[3] Given all of the circumstances, the Court does not find that withdrawal is appropriate based on the showing in the motion practice.

**IV.   CONCLUSION**

Accordingly, the motion to withdraw as counsel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Attorney Judd attests that withdrawal would not lead to "material adverse effect on the interests of Defendants." *See, e.g.*, Docket No. 99 at 2. The papers do not square that contention with the prospect of default judgment.