UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

MARISCOS EL PUERTO, INC.; et al.,

Defendants.

Case No. 2:23-cv-01310-ART-EJY

ORDER
(ECF Nos. 88, 101, 111, 115)

Plaintiff Equal Employment Opportunity Commission ("EEOC") sues Defendants for sex discrimination against their employees in violation of Title VII and Title I of the Civil Rights Act of 1991. After discovery closed, the EEOC moved to reopen discovery and to compel production of financial documents. The Magistrate Judge denied both motions. Pending before the Court are the EEOC's two motions for reconsideration of the Magistrate Judge's orders. (ECF Nos. 88, 101.) Also pending before the Court is Defendants' counsel's motion to withdraw. (ECF No. 111.) On Defendants' counsel's motion, a hearing was held on the motion to withdraw. (ECF No. 115.) The Court now denies the motions for reconsideration and grants the motion to withdraw.

## I. Standard for Motions for Reconsideration

To obtain reconsideration of a Magistrate Judge's order on pretrial matters, the EEOC must show that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); LR IB 3-1(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.*

This is a deferential standard. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). The Magistrate Judge's order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (CD. Cal. 2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

## II. Motion for Reconsideration of MJ Order Denying Reopening of Discovery (ECF No. 88)

The EEOC moved to re-open discovery to obtain information about the sale of Defendant La Catrina.

Movants who seek to extend the deadline for discovery must show good cause. FRCP 16(b)(4). In the Ninth Circuit, good cause generally amounts to a showing of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The District of Nevada's local rules also state that when a request for relief from a case management deadline is made after that deadline has already expired, the movant must make an additional showing of excusable neglect. LR 26-3.

The Magistrate Judge denied the EEOC's motion to reopen discovery, reasoning in part that the EEOC was not diligent because it waited to seek relief until three months after the deposition where it learned of the pending sale. Discovery closed on December 5, 2024, and the EEOC learned on April 29, 2025 during a deposition of Defendants' 30(b)(6) representative that Defendant La

Catrina, the bar, was being sold to an entity called Morales Brothers, LLC. The EEOC moved for reopening of discovery on July 31, 2025.

The EEOC argues that it acted with diligence notwithstanding the delay. It claims that the Magistrate Judge should have considered that the sale was not yet complete at the time of the deposition, and that it reasonably took its time in filing a motion because it was working with Defendants to seek voluntary disclosure of information about the sale.

The EEOC has not brought, nor has this Court found, controlling caselaw that would require the Magistrate Judge to reach a different conclusion under these circumstances. The EEOC does not sufficiently explain why it was not possible to immediately file a protective motion in April upon learning of the potential sale, nor does the EEOC explain why it was necessary to attempt to obtain Defendants' voluntarily disclosures before bringing a motion to reopen. It cannot be said that the Magistrate Judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Motion for Reconsideration of MJ Order Denying Motion to Compel Defendants' Financial Documents (ECF No. 101)

The EEOC has moved to compel production of financial documents relating to large withdrawals from the Defendants' accounts, which the Defendants have inconsistently explained. The EEOC claims that the requested documents are relevant to their request for punitive damages and to Defendants' potential defense of financial hardship.

With respect to a motion to compel discovery, there is no specific deadline enunciated in the governing rules and a determination as to the timeliness of such a motion is left to the exercise of judicial discretion. *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020). That determination is guided by whether the movant unduly delayed in seeking relief. *Gault v. Nabisco Biscuit Co.*, 184

F.R.D. 620, 622 (D. Nev. 1999). Although the "undue delay" standard is somewhat amorphous, a motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase. *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1246–47 (D. Nev. 2020)

The Magistrate Judge denied the motion to compel the production of financial documents. In relevant part, her order reasoned that a motion to compel is usually untimely after the dispositive motions deadline, and the EEOC's motion "does not explain in meaningful fashion how the circumstances of this case would render this motion to compel timely pursuant to the well-established case law from this District." The dispositive motions deadline was on January 6, 2025, and the EEOC first moved for the court's assistance in obtaining the documents on July 31, 2025 in their first motion for reopening discovery. Although the EEOC argued that Defendants' duty to supplement their response to a Request for Production of financial documents is ongoing, the Magistrate Judge found that this was not enough to get around the deadline.

Under these circumstances, and considering the deference accorded to Magistrate Judge decisions on pretrial matters, it is not possible to conclude that the denial of the motion to compel was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). It is undisputed that the EEOC filed its motion to compel after the dispositive motions deadline.

Furthermore, the EEOC has not clearly explained the relevance of the documents sought. *See Manley v. MGM Resorts Int'l.*, Case No. 2:22-CV-01906-MMD-EJY, 2025 WL 3459709 (D. Nev. Dec. 1, 2025). The inconsistency that the EEOC seeks to correct appears to concern where the Defendants have spent their

money, not how much money they have. The relevance of this inquiry to Defendants' ability to pay punitive damages is unclear.

**IV. Motion to Withdraw (ECF No. 111)**

Defendants' representatives have moved to withdraw on the basis that their clients have not paid their legal fees, invoking a state Rule of Professional Conduct stating that withdrawal is permissible if "representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Nev. R. Prof'l Conduct 1.16(b)(6). Local rules provide that attorneys may only withdraw on motion, and that the client must be given notice and an opportunity to respond. LR IA 11-6(b). Furthermore, withdrawal that causes delay can only be approved for good cause. LR IA 11-6(e). Complicating this motion somewhat is the rule that a corporation must appear in federal court only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). If Defendants do not have counsel, they risk default judgment.

Defendants' counsel's motion is granted. Counsel have good cause to withdraw because of the financial burden of continued representation. Defendants have been fairly warned by their counsel of the withdrawal and the risks of prejudice in conformity with the local rules. Reportedly, they have consented to withdrawal nevertheless. Defendants also had opportunities to respond to their counsel's multiple motions to withdraw under LR IA 11-6(b), but did not. Defendants were ordered to appear at the hearing on the latest motion to withdraw through a representative other than their counsel (ECF No. 119), and did not. The consent of Defendants to their attorneys' withdrawal outweighs the risk of default judgment and delay of trial.

## V. Conclusion

IT IS HEREBY ORDERED that the Plaintiff's Motions for Reconsideration of the Magistrate Judge's orders on pre-trial matters are DENIED (ECF Nos. 88, 101.)

IT IS FURTHER ORDERED that Defendants' counsel's motion to withdraw is GRANTED. (ECF No. 111.)

IT IS FURTHER ORDERED that Defendants' counsel's motion for a hearing on the motion to withdraw is GRANTED *nunc pro tunc*. (ECF No. 115.)

IT IS FURTHER ORDERED that Defendants shall retain counsel within 30 days of the date of this Order, or their pleadings may be stricken and their default entered.

IT IS FURTHER ORDERED that Defendants' new counsel shall enter a notice of appearance within 30 days of the date of this Order.

IT IS FURTHER ORDERED that Defendants' former counsel shall take all reasonable measures to inform Defendants of their obligation to retain new counsel within 30 days.

The Court instructs the Clerk of the Court to send hard copies of this Order to both Defendants by certified mail to the following address:

MARISCOS EL PUERTO, INC. and LA CATRINA, LLC
c/o Danny Hernandez
1901 N. Decatur Blvd.
Las Vegas, Nevada 89108

The Court instructs the Clerk of the Court to electronically deliver this Order to Defendants at danny@lacatrinabar.vegas.

IT IS FURTHER ORDERED that the parties will attend a status conference regarding Defendants' retention of counsel on August 27, 2026 at 11:00 a.m. in Las Vegas Courtroom 6A.

DATED: July 20, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE